IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00167 HG-03 |
| Plaintiff, | ) | |
| vs. | ) | |
| SHEENA STRONG, | ) | |
| Defendant. | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE) (ECF No. 248)**

Defendant is currently incarcerated with the Bureau of Prisons in Dallas/Forth Worth, Texas with a projected release date of January 29, 2022.

On March 17, 2021, the Court issued an ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 246).

The Court denied Defendant Strong's Motion for a reduction in sentence due to her own medical issues and the Section 3553(a) factors given the severity of her crime and the totality of the circumstances.

The Court found that Defendant's infant child had significant medical issues but was receiving extensive medical care and that Defendant was able to visit her and provide care through the Mothers and Infants Together ("MINT") Program. The Court stated that Defendant Strong could file a Second Motion for

1

Compassionate Release if circumstances changed.

On June 8, 2021, Defendant Strong filed a Second Motion to Reduce Sentence based on changed circumstances. (ECF No. 248).

On July 8, 2021, Defendant filed a Supplement to her Motion. (ECF No. 253). She also filed a Motion to Expedite Briefing, Hearing, and Decision. (ECF No. 255). Defendant states that she violated the terms of the MINT program. Defendant explains that she was removed from the MINT program. She has been returned to a Bureau of Prisons locked facility, and she can no longer provide care for her infant daughter while incarcerated.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's SECOND MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE) (ECF No. 248) is **GRANTED, IN PART, AND DENIED, IN PART**.

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

2

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>  (I) extraordinary and compelling reasons warrant such a reduction;
> ...
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## **SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

### A.  **Mandatory Procedural Requirement**

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597

(3d Cir. 2020).

Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and the Court may consider the motion for compassionate release.

**B.    Merits Of Defendant's Request For Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons".

The United States Sentencing Guidelines § 1B1.13 provides a basis to consider compassionate release:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)   Extraordinary and compelling reasons warrant the reduction; or
>
> (B)   The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)   The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)   The reduction is consistent with this

>              policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) he is not a danger to the safety of others or the community; and,

(3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### C.  Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provide a definition of extraordinary and compelling reasons.  "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

(i)  The defendant is suffering from a terminal illness

>           (i.e., a serious and advanced illness with an end
>           of life trajectory).  A specific prognosis of life
>           expectancy (i.e., a probability of death within a
>           specific time period) is not required.  Examples
>           include metastatic solid-tumor cancer, amyotrophic
>           lateral sclerosis (ALS), end-stage organ disease,
>           and advanced dementia.
>
>      (ii) The defendant is—
>
>           (I)       suffering from a serious physical or
>                     medical condition,
>
>           (II)      suffering from a serious functional or
>                     cognitive impairment, or
>
>           (III)     experiencing deteriorating physical or
>                     mental health because of the aging
>                     process,
>
>      that substantially diminishes the ability of the
>      defendant to provide self-care within the
>      environment of a correctional facility and from
>      which he or she is not expected to recover.
>
> (B)  **Age of the Defendant.**–The defendant (i) is at least 65
>      years old; (ii) is experiencing a serious deterioration
>      in physical or mental health because of the aging
>      process; and (iii) has served at least 10 years or 75
>      percent of his or her term of imprisonment, whichever
>      is less.
>
> (C)  **Family Circumstances.**–
>      (i)  The death or incapacitation of the caregiver of
>           the defendant's minor child or minor children.
>
>      (ii) The incapacitation of the defendant's spouse or
>           registered partner when the defendant would be the
>           only available caregiver for the spouse or
>           registered partner.
>
> (D)  **Other Reasons.**—As determined by the Director of the
>      Bureau of Prisons, there exists in the defendant's case
>      an extraordinary and compelling reason other than, or
>      in combination with, the reasons described in
>      subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## **ANALYSIS**

Defendant seeks release for two reasons:

(1) Due to her own health concerns related to COVID-19; and,

(2) issues related to the care of her baby daughter who was born prematurely in August 2020, during Defendant's incarceration.

### I. DEFENDANT'S OWN MEDICAL CONDITION

In its March 17, 2021 Order (ECF No. 246), the Court set out its analysis denying Defendant's Motion for Compassionate Release based on her own medical condition. There have been no significant changes to Defendant's medical condition that alter the Court's previous analysis.

Defendant has not established that her immediate release is warranted pursuant to her own medical condition. Defendant's Motion (ECF No. 248) seeking immediate release based on her own medical condition and concerns related to COVID-19 is **DENIED**.

## II. COMPASSIONATE RELEASE TO CARE FOR DEFENDANT'S DAUGHTER

Defendant Strong also seeks compassionate release due to the medical condition of her baby who was born while Defendant was incarcerated.

Pursuant to Sentencing Guideline Section 1B1.13's Commentary Application Notes C, Family Circumstances may provide a basis to establish "extraordinary and compelling reasons" for compassionate release. This definition is not binding, but may provide guidance for the Court's analysis of "extraordinary and compelling reasons." Aruda, 993 F.3d at 802.

Specifically, compassionate release may be appropriate when the defendant would be the only available caregiver for the defendant's minor child. U.S.S.G. § 1B1.13 cmt. n.1(C); United States v. Bolden, 2020 WL 4286820, *4-*5 (W.D. Wash. July 27, 2020).

On April 30, 2020, Defendant Strong was released from a BOP medical facility to a BOP Residential Reentry Management Center in Dallas/Fort Worth into the Mothers and Infants Together ("MINT") Program. MINT is a residential program promoting bonding skills for pregnant inmates.

In August 2020, Defendant's child was born prematurely at approximately 26 weeks. (Letter from child's physician, attached as Ex. B to Def.'s Second Supplement, ECF No. 243-2).

On July 7, 2020, Defendant was removed from the MINT program because she violated its rules by possessing a cell phone without permission. (Def.'s Supplement, ECF No. 253).

The Probation Office has been in contact with the baby's pediatrician, Dr. Rochelle Sexton. She describes the baby's medical condition as requiring close and complicated monitoring and care. Dr. Sexton indicates that the baby has been very stable over the past 5-6 months in part because of Defendant Strong's care. The child's pediatrician recommends that Defendant Strong be released in order for the safety of the child. Specifically, Defendant Strong has training on how to prepare the baby's thickened formula and on how to manage the baby's nebulizing treatments.

The Probation Office established that there are no other adults who can provide the proper level of care for the child at this time. The baby's father and grandmother live and work on the Big Island. The Court has been notified that the baby's father and grandmother have taken custody of the baby and taken her to Oahu. The grandmother has agreed to reside with the baby on Oahu through the time that Defendant Strong is quarantined following her travel to Hawaii.

The Government does not oppose Defendant Strong's release to care for her infant child.

Considering the totality of the circumstances, the Court finds that Defendant's release is appropriate.

Defendant's Motion (ECF No. 248) based on the medical issues of her infant child is **GRANTED**.

**CONCLUSION**

Defendant's Second Motion To Reduce Sentence (COMPASSIONATE RELEASE) (ECF No. 248) is **GRANTED, IN PART, AND DENIED, IN PART**.

Defendant's Motion based on her own medical issues is **DENIED**.

Defendant's Motion based on the medical needs of her infant child is **GRANTED**.

Defendant Strong's sentence is reduced to **TIME SERVED PLUS THREE (3) DAYS**. The added 3 days is intended to provide the Bureau of Prisons adequate time to make Defendant Strong's travel arrangements and provide the family with the opportunity to coordinate their return from Texas with the baby on the same flight(s).

Upon release from custody, Defendant Strong's 3-year term of supervised release will commence.

Defendant Strong **SHALL** abide by all of the mandatory, standard, and special conditions of supervised release previously imposed, as well as the following additional special conditions:

6. You must reside on the island of Oahu for two (2) years.
7. You will be monitored by radio frequency technology for a period of 365 days, and you must follow the rules and

regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence on Oahu at all times except for employment; education; religious services; medical, mental health or substance abuse treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. You shall earn leave as determined by the probation officer.

Defendant Strong is ordered to report by telephone (808-541-1283) to the United States Probation Office, District of Hawaii, within 72 hours of her release from Bureau of Prisons custody. Upon arrival in Honolulu, Defendant Strong is ordered to remain in self-quarantine at her residence for not less than 10 days.

IT IS SO ORDERED.

Dated: July 14, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge